# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Lisa D. Marler

v.

City of Chesapeake,
Dept. of Human Services,
Child Protective Services

August 28, 2008

Case No. CL08-1816

BY JUDGE RANDALL D. SMITH

This matter is before the Court on a Petition for the Release of Child Protective Services Investigative Records filed by Lisa D. Marler and an Answer of the Respondent, Chesapeake Department of Human Services, Child Protective Services. The court has reviewed the Petition and Answer.

Respondent raises Petitioner's standing to request the relief sought. Specifically, Respondent contends that Petitioner does not have standing under the Virginia Code, which requires the Petitioner be a person who is the subject of an unfounded report or complaint. Virginia Code § 63.2-1514(D) allows "Any person who is the subject of an unfounded report or complaint made pursuant to this chapter who believes that such report or complaint was made in bad faith or with malicious intent may petition the circuit court . . . for the release to such person of the records of the investigation or family assessment." Plaintiff in this case is the subject of a complaint and was investigated by the Chesapeake Department of Human Services. This was conducted under Virginia Code § 63.2-1506 as a Family Assessment which,

under subsection (B)(6), does not result in a "founded" or "unfounded" determination. Respondent notes that the Department then decides if services should be offered and the family may accept or decline such services.

However, Virginia Code § 63.2-1514(D) anticipates the submission of family assessments to the Circuit Court for *in camera* review when a Petition for Release is filed, such as in this case. The Court therefore finds that Petitioner has standing to bring this Petition and request the relief sought.

The court must consider the entire statutory scheme in determining the meaning and intent of the statute. In Va. Code § 63.1-1501, the Definitions provision, only the terms "court" and "prevention" are given specific definitions. Consequently, the Court interprets the other words given their regular, usual meaning.

The words "complaint" and "report" are used differently in some sections of the chapter, and used interchangeably in others, for example, see Va. Code § 63.2-1510: "If an employee of the local department is suspected of abusing or neglecting a child, the complaint shall be made to the court of the county or city where the abuse or neglect was discovered. Upon receipt of such a report by the court, the judge shall assign the report to a local department. . . ." There is no reason to include records of family assessments in § 63.2-1514(D) if the term unfounded were given the meaning suggested by Respondent.

The term unfounded describes the complaint or report and its alleged bad faith or malicious intent as opposed to the decision by the Department on how to classify a response. The usual or general meaning of unfounded is one that lacks merit, or is "lacking a sound basis in reason or fact." *Webster's Third World International Dictionary* 2496 (2002).

The Court, having determined that Petitioner has standing, finds pursuant to § 63.2-1514(D) that Petitioner is entitled to present evidence in support of her petition. After such hearing, the Court will determine if there is a reasonable question of fact as to whether the report or complaint was made in bad faith or with malicious intent and if disclosure of the identity of the Complainant would not be likely to endanger the life or safety of the Complainant.